IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3320-FL

| | |
|---|---|
| ANDREW DENTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| CUMBERLAND COUNTY, JUDGE ) | |
| JAMES FLOYD AMMONS, JR., JEFF ) | |
| NULL, CHARLES SCOTT, and KARA ) | |
| HODGES, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff names the State of North Carolina, Cumberland County, Judge James Floyd Ammons Jr. ("Ammons"), attorney Jeff Null ("Null"), Cumberland County Assistant District Attorney Charles Scott ("Scott"), and Cumberland County Assistant Public Defender Kara Hodges ("Hodges") as defendants in this action. Plaintiff seeks injunctive relief and monetary damages in connection with the alleged invalid conviction he received for robbery with a dangerous weapon following his July 22, 2008, trial. See (Compl. p. 3.)

The court begins with plaintiff's claim against defendant Ammons, the judge who presided over plaintiff's North Carolina state criminal proceedings. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (citations omitted). The proper recourse for a party who believes that the judge has ruled improperly or unfairly is to raise such errors on appeal. See Pierson v. Ray, 386 U.S. 547, 554 (1967).

Plaintiff alleges that defendant Ammons refused to dismiss plaintiff's pending North Carolina state criminal charges, despite plaintiff's claim of mistaken identity. Plaintiff's allegations relate to actions or inactions taken by defendant Ammons in his judicial capacity. Thus, defendant Ammons is protected by judicial immunity from plaintiff's lawsuit, and this claim is DISMISSED without prejudice.

The court next considers plaintiff's claim against defendant Hull–the attorney who represented plaintiff in his state criminal proceedings. Generally, the party charged with a

constitutional deprivation must be a state actor. Debauche v. Trani, 191 F.3d 499, 506-507 (4th Cir. 1999). Defense attorneys do not act under color of state law and, therefore, are not amendable to suit under § 1983, whether privately retained, Deas v. Potts, 547 F.2d 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as public defenders, Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff fails to allege facts to establish that Null is a state actor. Thus, plaintiff fails to state a claim, and this claim is DISMISSED without prejudice.

The court now turns to plaintiff's claims against defendants Scott and Hodges. Prosecutors are absolutely immune when carrying out prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Buckley v. Fitzsimmons, 509 U.S. 259, 268 (1993). Here, plaintiff alleges that defendants Scott and Hodges prosecuted plaintiff for charges which another person with a similar name committed. These allegations arise out of Scott and Hodges' prosecutorial duties, for which a prosecutor has immunity. See Imbler, 424 U.S. at 431 (holding that a state prosecutor has absolute immunity for initiating a prosecution and presenting the State's case); see also Ostrzenski v. Seigel, 177 F.3d 245, 250 (4th Cir. 1999). Therefore, plaintiff's claims against defendants Scott and Hodges are barred by the doctrine of prosecutorial immunity.

As for plaintiff's claim against defendant Cumberland County, plaintiff again fails to state a claim. Specifically, permitting plaintiff to bring suit against the county based on the alleged prosecutorial misconduct would effectively nullify the immunity afforded to the solicitor and assistant solicitor and run counter to the policy considerations discussed in Imbler. See Imbler, 424 U.S. at 424–29. Further, plaintiffs' complaint, which complains about alleged errors made by the judge, prosecutors, and his defense attorney in his North Carolina State criminal proceedings, fails to allege facts that establish Cumberland County's liability for the acts of the sheriff or his officers.

See City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988); Parker v. Bladen Cnty, 583 F. Supp. 2d 736, 739 (E.D.N.C. 2008) (dismissing complaint against county for failure to allege acts over which the county had final policymaking authority).

As for plaintiff's claim against the State of North Carolina, the Eleventh Amendment bars suits against a state or its agencies, unless the state has waived its immunity, or Congress has exercised its power under section 5 of the Fourteenth Amendment to override that immunity. See Will v. Michigan Dept of State Police, 491 U.S. 58, 66 (1989); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). Congress has not imposed section 1983 liability upon states, and "North Carolina has done nothing to waive its immunity." Bright v. McClure, 865 F.2d 623, 626 (4th Cir.1989). Additionally, arms of the state, such as the DOC, are not persons for the purposes of § 1983. See Weller v. Dep't of Soc. Servs. for the City of Baltimore, 901 F.2d 387, 396 (4th Cir. 1990) (citing Will, 491 U.S. 58). Accordingly, the State of North Carolina is entitled to sovereign immunity, and plaintiff fails to state a claim.

Finally, even if plaintiff could proceed against any of the above-named defendants, his action still must be dismissed. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Supreme Court later clarified that Section 1983 actions are barred, no matter the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). In Wilkinson, the Court again emphasized that habeas corpus was indeed the exclusive remedy for state prisoners who "seek

to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81–82.

All of plaintiff's remaining claims fall within the purview of Heck because plaintiff's success on the merits would imply the invalidity of his conviction. See Rankin v. Cranford, No. 5:03CV99-2-V, 2005 WL 3279983, *3 (W.D.N.C. Apr. 11, 2005) (finding that claims predicated upon having been illegally investigated, prosecuted, and convicted are barred pursuant to Heck), aff'd, 142 F. App'x 166 (4th Cir. 2005). In this case, plaintiff's conviction has not been reversed, expunged, declared invalid, or called into question. Therefore, plaintiff's § 1983 claims are barred by Heck.

In summary, plaintiff's claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 21st day of January, 2016.

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge